# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**JAMES B. COX d/b/a JC Designs d/b/a Wire N Rings**                                    **PLAINTIFF**

**V.**                                              **NO. 3:18-CV-30-DMB-JMV**

**JAMES MORRIS, et al.**                                    **DEFENDANTS**

## ORDER

This intellectual property case is before the Court on Ronaldo Designer Jewelry, Inc.'s motion to intervene, Doc. #38, and its motion to file an amicus brief, Doc. #42.

### I
### Procedural History

On January 31, 2017, Ronaldo Designer Jewelry, Inc. commenced an action in the United States District Court for the Northern District of Mississippi against James B. Cox and Catherine A. Cox d/b/a JC Designs d/b/a Wire N Rings, John Doe a/k/a Leroy, and John Does Numbers 1 through 99. *Ronaldo Designer Jewelry, Inc. v. Cox, et al.*, No. 1:17-cv-2-DMB-DAS, at Doc. #1 (N.D. Miss.) ("*Ronaldo*"). Ronaldo filed a second amended complaint against the same defendants on April 28, 2017. *Id.* at Doc. #82. Ronaldo's second amended complaint asserts copyright and trade dress infringement claims against the Coxes based on the Coxes' sale of certain wire bracelets. *Id*. *Ronaldo* is still pending and is currently set for trial on July 29, 2019. *Id*. at Doc. #117.

On February 7, 2018, James B. Cox d/b/a JC Designs d/b/a Wire N Rings filed this action in the United States District Court for the Northern District of Mississippi against James Morris and James Noland d/b/a We Make It Jewelry, and Brandon Hackett d/b/a Hackett's Handcrafted

Jewelry.[1]  Doc. #1.  Of relevance here, Cox's complaint asserts claims for copyright and trade dress infringement based on the defendants' sale of wire bracelets and necklace charms.  *Id.* at ¶¶ 81–114.  Cox's claims are premised, in part, on a trademark held by Cox for his "THE FAMILY BRACELET."  *Id.* at ¶ 22.  On December 17, 2018, Cox filed a motion for summary judgment on his claims against Morris.  Doc. #35.  Morris did not respond.

Also on December 17, 2018, Ronaldo filed a motion to intervene in this case or, in the alternative, to delay trial in this case until *Ronaldo* concludes.  Doc. #33.[2]  Ronaldo's proposed intervenor complaint asserts claims for trade dress infringement and unfair competition against Cox, and seeks a declaratory judgment that Ronaldo has superior rights to the trade dress at issue and that Cox's trademark is generic and must be canceled.  Doc. #38-1.  Approximately two weeks later, on January 3, 2019, Ronaldo moved for leave to file an amicus brief in response to Cox's motion for summary judgment against Morris.  Doc. #42.  On March 19, 2019, after full briefing on both the motion to intervene and the motion for leave,[3] this case was reassigned from United States District Judge Michael P. Mills to the undersigned district judge.  Doc. #47.  Before reassignment, trial in this case was set for July 22, 2019, before Judge Mills.  Doc. #24.  Following reassignment, trial has not yet been reset before the undersigned district judge.

## II
## Motion to Intervene or Stay

Federal Rule of Civil Procedure 24 authorizes two types of intervention—intervention as of right under Rule 24(a), and permissive intervention under Rule 24(b).  These rules provide in

---

[1] Hackett was dismissed by stipulation March 23, 2018.  Docs. #9, #10.

[2] A color version of the motion, including the proposed intervenor complaint, was filed the next day.  Doc. #38.

[3] In violation of this Court's local rules, Ronaldo attached exhibits to its memorandum briefs filed in support of the motions.  *See* L.U. Civ. R. 7(b)(2).

2

relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
>> (1) is given an unconditional right to intervene by a federal statute; or
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact. …
>>
>> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

"Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).[4]

## A. Intervention of Right

In the absence of an unconditional right to intervene provided by federal statute, Rule 24(a)(2) provides a right of intervention when:

> (1) the application for intervention [is] timely; (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action; (3) the applicant [is] so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest [is] inadequately represented by the existing parties to the suit.

---

[4] *See Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("[M]otions to intervene are usually evaluated on the basis of well pleaded matters in the motion, the complaint, and any responses of opponents to intervention."); *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 543 (1st Cir. 2006) ("We derive the relevant facts primarily from the allegations and evidence submitted by Kellogg Caribbean in support of its motion to intervene but also consider uncontroverted facts established elsewhere in the record.").

*St. Bernard Parish v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019). "Failure to satisfy any one requirement precludes intervention of right." *Id*. "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015). Because this Court concludes Ronaldo's motion to intervene is untimely, it addresses only the timeliness element.

To determine whether a motion to intervene is timely, a district court should consider four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Lafarge*, 914 F.3d at 974.

### 1. Delay in filing

Regarding the length of time factor, Ronaldo represents that it "learned of the existence of this case in mid-July 2018, upon receipt of Cox's Answers to Interrogatories in the [*Ronaldo*] Case against Cox ...." Doc. #34 at 3. To the extent there has been no amended complaint in this action and Ronaldo concedes that "[t]he trade dress Cox has asserted in this case contains elements that are identical to the trade dress claimed by Ronaldo,"[5] there can be no dispute Ronaldo knew or should have known of its interest in this action approximately five months before it filed this motion to intervene on December 17, 2018.[6] In the absence of a justification for such a delay, this

---

[5] Doc. #34 at 5.

[6] In its reply brief, Ronaldo argues that "[w]hile [it] became aware of this litigation in July, it was not until Ronaldo's counsel began preparing for Mr. Morris' deposition that Ronaldo realized the implications this litigation would

time period weighs against a finding of timeliness. *See Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989) (four-month delay after knowledge weighed against finding of timeliness); *Script Security Sols. LLC v. Logitech Inc.*, No. 2:16-cv-1400, 2017 WL 10242574 at *2 (E.D. Tex. Nov. 8, 2017) (four-month delay weighed against timeliness where movant "provide[d] no explanation for its delay").

### 2. *Prejudice to existing parties*

With regard to prejudice to the existing parties, Cox argues that "Morris has announced that he is dying, and as such the original parties would be prejudiced by the late intervention and delay it would cause." Doc. #41 at 6. Cox further asserts that he would be prejudiced because "summary judgment [is] pending between the existing parties[ and] the discovery deadline ha[s] passed …." *Id*. at 11. Ronaldo responds there is no prejudice because it is not seeking to reopen discovery, Cox had an opportunity to pursue discovery in the *Ronaldo* action, it has already filed documents in relation to the motion for summary judgment through its motion for amicus briefing, and there is no evidence that Morris is dying. Doc. #44 at 3.

To the extent Ronaldo represents that it does not intend to seek a reopening of discovery, and Cox has offered no argument as to why intervention would require such a measure, the Court concludes that no prejudice to the existing parties would arise from Ronaldo's intervention based on the expiration of the discovery deadline. Furthermore, to the extent Ronaldo represents that it does not intend to file any summary judgment materials beyond the brief submitted with its motion for leave to file an amicus brief, the Court also concludes that no prejudice exists based on the pending summary judgment motion. Finally, while this Court is willing to accept Cox's

---

ultimately have on Ronaldo's trade dress rights and the need to intervene." Doc. #44 at 9. Ronaldo, however, offers no details to support this conclusory assertion.

5

representation that Morris is dying, this fact, in the absence of evidence of delay caused by intervention, does not weigh against a finding of timeliness. Accordingly, the Court ultimately concludes that the second factor weighs in favor of a finding of timeliness.

### 3. Possible prejudice to movant

Ronaldo asserts in conclusory fashion that "[i]f this Court rules in favor of Cox [in this case] and validates his trade dress, it could have severe repercussions in the [*Ronaldo*] Case against Cox in the event Cox attempts to assert this Court's validation against Ronaldo." Doc. #34 at 3–4. However, this Court is unaware of any authority, and Ronaldo has cited none, which would allow Cox to assert a judgment against Ronaldo when the judgment was obtained in a case to which Ronaldo was not a party. To the contrary, the law of collateral estoppel is clear that a judgment may not be used in a subsequent proceeding unless "the party against whom the collateral estoppel would be applied [was] a party or privy to a party in the prior litigation."[7] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 272 (5th Cir. 2009). Because Ronaldo is not a party to this action, the third factor weighs against a finding of timeliness.

### 4. Unusual circumstances

As to the final factor, Ronaldo argues that "there is an unusual circumstance regarding this case that calls for intervention. If Ronaldo is not allowed to intervene, the possibility of inconsistent judgments exists." Doc. #34 at 4. Ronaldo cites no authority, and this Court is unaware of any, which stands for the proposition that the possibility of inconsistent judgments is

---

[7] Elsewhere in its brief, Ronaldo argues it could be impacted negatively by the "stare decisis" impact of any judgment and that "the determination of the validity of a separate trademark would affect its assertion of exclusive rights, therefore undermining [its] own trademark." Doc. #34 at 5. However, "the *stare decisis* effect of a prior finding of validity of a trademark may be overcome if defendant presents persuasive new evidence of invalidity and demonstrates that there is a material distinction between the cases." *Marshak v. Sheppard*, 666 F. Supp. 590, 598 (S.D.N.Y. 1987). To the extent this case is newer than *Ronaldo* and trial has not yet been reset, it is very unlikely a judgment in this case would predate a judgment in *Ronaldo* so as to cause the prejudice Ronaldo fears. Thus, because Ronaldo maintains the ability to challenge the validity of the trademark, any prejudice would be minimal.

an unusual circumstance which would weigh in favor of a finding of timeliness. Indeed, to the extent motions to intervene presuppose a non-party's claimed interest in the subject of the litigation, denial of any motion to intervene would seem to typically carry at least some risk of a future inconsistent judgment. Thus, this case does not involve unusual circumstances which weigh in favor of a finding of timeliness.[8]

In sum, the Court finds that three of the four timeliness factors weigh against a finding of timeliness. Given this balance, the Court concludes that Ronaldo's request to intervene as of right is untimely and, therefore, must be denied.

### B. Permissive Intervention

"Like intervention of right, permissive intervention must be timely." *Lafarge*, 914 F.3d at 976. Thus, where a court finds under the intervention-of-right inquiry that a motion is untimely, "no further analysis is needed." *Id*. Ronaldo, therefore, is not entitled to permissive intervention.

### C. Motion to Stay

In the alternative, Ronaldo asks that this Court delay this action pending resolution of *Ronaldo*. Doc. #34 at 7.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When deciding whether to grant a stay under its inherent power, a court should consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the

---

[8] In reaching this conclusion, the Court notes that to the extent both actions are before the undersigned and, as discussed below, Ronaldo will be granted an opportunity to file an amicus brief in this action, there is little chance of inconsistent judgments.

defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Dists., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

In this case, Ronaldo argues that "[t]he trial for this case is set to commence the week before the trial in [*Ronaldo*] involving Ronaldo and Cox. Both cases involve ownership and validity of the same trade dress and trademark. If both cases were to proceed as is, the effect may be inconsistent judgments." Doc. #34 at 7. For the reasons above, the Court concludes that there is little risk of inconsistent judgments between the two proceedings. Accordingly, the Court declines to stay this action.

## III
## Motion for Amicus Briefing

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court authorize non-parties to file a response to a motion. *See* L.U. Civ. R. 7(b)(4) ("Counsel *for respondent* must … file a response and memorandum brief in support of the response.") (emphasis added). A non-party, however, may submit a brief as an amicus curiae in order to assist the court in reaching a proper decision. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). "District courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Id*. "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is timely or useful or otherwise necessary to the administration of justice." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007) (quotation marks omitted).

There is no dispute that Ronaldo's motion for leave to file an amicus brief, which was filed

less than a week after Morris' response was due, is timely.[9] However, in his response to the motion for leave, Cox essentially argues that Ronaldo's proposed brief attached to the motion misstates the law and, therefore, would be unhelpful to the Court. *See* Doc. #45.[10] The Court has reviewed the proposed brief and, in the absence of a responsive filing from Morris, believes that the proposed brief, which indisputably addresses the issue raised in Cox's motion for summary judgment, would be both useful and necessary to the administration of justice.[11] Accordingly, the motion for leave will be granted.

## IV
## Conclusion

Ronaldo's motion to intervene or to stay [38] is **DENIED**. Ronaldo's motion for leave to file an amicus brief [42] is **GRANTED**. Ronaldo may file its proposed amicus brief attached to its motion for leave on or before April 18, 2019. Cox may reply to the amicus brief on or before April 25, 2019.

**SO ORDERED**, this 15th day of April, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] *See generally* Fed. R. App. P. 29(a)(5) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed.")

[10] In his response, Cox also raises a number of accusations of misconduct against Ronaldo's counsel and requests a hearing on such matters. Requests for relief may not be raised in a response to a motion. L.U. Civ. R. 7(b)(3)(C).

[11] Of course, the Court will not consider any misstatements of law in the brief.